# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID EDENS and RHONDA EDENS, individually and as next of kin of Zachery Edens, deceased, and EDENS STRUCTURAL SOLUTIONS LLC, <br><br> Plaintiffs, <br><br> v. <br><br> THE NETHERLANDS INSURANCE COMPANY, <br><br> Defendant. | Case No. 14-CV-377-GKF-TLW |

## ORDER

Before the court are the Motion for Partial Summary Judgment of plaintiffs David Edens, Rhonda Edens, and Edens Structural Solutions LLC [Dkt. ##24, 31] and the Motion for Summary Judgment of defendant The Netherlands Insurance Company ("The Netherlands") [Dkt. #67].

Plaintiffs allege that, on September 18, 2013, The Netherlands denied plaintiffs' claim for uninsured/underinsured motorist ("UM/UIM") benefits following the death of Zachery Edens, son of David Edens and Rhonda Edens, in a May 8, 2013 motor vehicle accident. Plaintiffs bring claims against The Netherlands for breach of contract and for breach of the duty of good faith and fair dealing.[1] The Netherlands moves for summary judgment on both causes of action. Plaintiffs move for partial summary judgment, asserting they are entitled to a finding that a

---

[1] Plaintiffs allege that The Netherlands violated the Oklahoma Unfair Claims Practices Act, Okla. Stat tit. 36, § 1250.1 *et seq.* [Dkt. #2, p. 3]. In their response to The Netherlands's Motion for Summary Judgment, they state they have not made a claim under this Act, and that they made the allegation because violating the Act is evidence of bad faith. [Dkt. #78, p. 20].

September 18, 2013 letter from The Netherlands to plaintiffs' counsel constituted a denial of their claim for UM/UIM benefits.

I.      **Material Facts as to Which There are No Genuine Issues[2]**

From May 1, 2013 to May 1, 2014, Edens Structural Solutions LLC had in full force and effect an insurance policy issued by The Netherlands which included UM/UIM coverage. On May 8, 2013, Zachery Edens was killed in a motor vehicle collision while driving a motorcycle.

In a letter dated September 5, 2013, plaintiffs made demand upon The Netherlands for policy limits of UM/UIM benefits, asserting that Zachery Edens "was a named insured under the policy because he was a member of the LLC listed as a named insured." [Dkt. #67-5, p. 2]. In a September 18, 2013 response, a claims specialist for The Netherlands stated she was unable to accept plaintiffs' demand because she "d[id] not have enough information to evaluate th[e] claim for coverage and/or damages" and, among other things, requested documentation showing Zachery Edens's relationship with Edens Structural Solutions LLC. [Dkt. #67-6, p. 2]. The claims specialist also stated she was "closing the file at this time." [*Id.*, p. 3]. The next day, September 19, 2013, The Netherlands spoke with plaintiffs' counsel by phone. The Netherlands's claim file notes reflect that during this conversation, The Netherlands informed counsel that a letter had been mailed advising counsel of the documentation needed and that it would not be able to respond to the demand by that Friday (the following day). The Netherlands also asked whether counsel had any documentation showing that the son was "part of the LLC."[3]

---

[2] The court disregards the materials The Netherlands appended to its reply, as they are not properly considered pursuant to Rule 56.

[3] Plaintiffs contend the claim file notes are hearsay. But the notes themselves are admissible under the business records exception in Fed. R. Evid. 803(6). The contents of the notes cited here, meanwhile, either fall within the Fed. R. Evid. 801(d)(2) exemption for statements made by an opposing party or are offered for reasons other than to prove the truth of the matter asserted,

The claim file notes also reflect that counsel told The Netherlands he did have such documentation and would send it to The Netherlands for review. [Dkt. #67-8, p. 4]. But The Netherlands received no additional documentation from plaintiffs. On November 22, 2013, The Netherlands mailed a second letter to plaintiffs' counsel in which it concluded Zachery Edens would not qualify as an insured under the Policy and requested any additional information plaintiffs wished The Netherlands to consider. [Dkt. #53-3, p. 5]. The Netherlands closed plaintiffs' file on January 7, 2014, after receiving no further information from plaintiffs.

The Named Insured Schedule issued May 2, 2013 lists Edens Structural Solutions LLC, Edens Construction LLC, and Edens Surface Scanning LLC as First Named Insureds. [Dkt. #67-1, p. 185]. The Oklahoma Uninsured Motorist Coverage endorsement provides that, when a limited liability company is a named insured, the following are "insureds":

a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

[*Id.*, pp. 241–42]. "Covered autos" for UM/UIM coverage are listed in a schedule of covered autos owned by the named insureds. No motorcycle is listed in the schedule of covered autos.

The Policy also contains a "Business Auto Extension Endorsement" which modifies the terms of the Policy. Section 17 of this endorsement is entitled "DRIVE OTHER CAR FOR EXECUTIVE OFFICERS." Subsection 17(C), entitled "CHANGES IN AUTO MEDICAL

---

such as to show that plaintiffs were aware of The Netherlands's request for documents. Therefore, they are not hearsay.

Plaintiffs also contend that because the claim file notes are redacted, Fed. R. Evid. 106 requires production of the redacted portions. But plaintiffs do not carry their burden of showing the additional evidence is "necessary to provide context or completeness." *Echo Acceptance Corp. v. Household Retail Servs., Inc.*, 267 F.3d 1068, 1088 (10th Cir. 2001).

PAYMENTS AND UNINSURED MOTORISTS AND UNDERINSURED MOTORISTS COVERAGE," provides as follows:

> The following is added to WHO IS AN INSURED:
>
> Any individual "insured" and his or her "family members" are "insured" while "occupying" or while a pedestrian when being struck by any "auto" you [the named insureds][4] do not own except:
>
> Any "auto" owned by that individual or by any "family member".

[*Id.*, p. 218]. A "family member" is defined subsection 17(E) as "a person related to an 'executive officer' by blood, marriage or adoption who is a resident of the individual's household, including a ward or foster child." [*Id.*]. An "executive officer" is defined as "a person holding any of the officer positions created by [the named insured's] charter, constitution, by-laws or any other similar governing document, and that person's spouse, while a resident of the same household." [*Id.*].

Zachery Edens was a member of the household of David Edens and Rhonda Edens. In his affidavit, David Edens states that at all relevant times, he (David) was the "Manager (Chief Executive Officer) of Edens Structural Solutions LLC." [Dkt. #78-6]. David Edens and Rhonda L. Edens owned the motorcycle Zachery Edens was driving. The motorcycle was insured by Progressive Insurance.

## II.    Summary Judgment Standard

A motion for summary judgment shall be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In applying this standard, the court "view[s] the evidence and draw[s] reasonable inferences therefrom in the light most favorable to the nonmoving party."

---

[4] The Policy provides that the words "you" and "your" refer to the Named Insureds shown in the Declarations. [*See* Dkt. #67-1, p. 229].

*Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005). Although "[t]he burden of showing the absence of a genuine issue of material fact . . . is upon the movant," the nonmovant must do more than "simply show that there is some metaphysical doubt as to the material facts." *Champagne Metals v. Ken–Mac Metals, Inc.,* 458 F.3d 1073, 1084 (10th Cir. 2006) (internal citations and quotation marks omitted). Rather, "an issue of material fact is genuine only if the nonmovant presents facts such that a reasonable [factfinder] could find in favor of the nonmovant." *Planned Parenthood of the Rocky Mountains Servs. v. Owens,* 287 F.3d 910, 916 (10th Cir. 2002) (quoting *Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999)). Once the movant has made a showing that there is no genuine issue as to any material fact, the non-moving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

**III.    Discussion**

As an initial matter, plaintiffs contend The Netherlands's Motion for Summary Judgment should be stricken because The Netherlands allegedly admits the certified Policy was not the policy in effect at the time of the accident. The Netherlands acknowledges the certified copy of the Policy includes several changes to coverage which took place after the May 8, 2013 accident, including additions to the named insured schedule. [Dkt. #67, p. 9 fn. 2]. But the portions of the certified Policy The Netherlands cites in its Motion contain language showing that they were issued on May 2, 2013. [*See* Dkt. #67-1, pp. 185, 196]. Subsequent changes to the Policy were made by appending separate documents bearing language showing the date they were issued. [*See, e.g., id.*, p. 23 (revised named insured schedule issued March 28, 2014)]. Plaintiffs also rely on portions of the certified Policy and argue that Zachery Edens is an insured pursuant to its terms. [*See* Dkt. ##78-2, 78-3]. Thus, no genuine issue exists as to whether the relevant

provisions of the certified Policy were in effect on the day of the accident. The court therefore denies plaintiffs' request to strike The Netherlands's Motion for Summary Judgment.

### A) The Netherlands's Motion for Summary Judgment

#### i. The Breach of Contract Claim

To recover on their breach of contract claim, plaintiffs must prove: (1) formation of a contract; (2) breach of the contract; and (3) damages as a direct result of the breach. *Digital Design Grp., Inc. v. Info. Builders, Inc.*, 24 P.3d 834, 843 (Okla. 2001). "Insurance policies are contracts interpreted as a matter of law." *BP Am., Inc. v. State Auto Prop. & Cas. Ins. Co.*, 148 P.3d 832, 835 (Okla. 2005). "When policy provisions are unambiguous and clear, the employed language is accorded its ordinary, plain meaning; and the contract is enforced carrying out the parties' intentions." *Id.* The court "will not impose coverage where the policy language clearly does not intend that a particular individual or risk should be covered." *Id.* at 835–36. "[C]ourts must examine the policy language objectively to determine whether an insured could reasonably have expected coverage." *Max True Plastering Co. v. U.S. Fid. & Guar. Co.*, 912 P.2d 861, 865 (Okla. 1996).

Here, Zachery Edens was not named in the Policy's named insured schedule. Nor do plaintiffs submit any evidence that Zachery Edens was a member or officer of Edens Structural Solutions LLC or any other named insured. Furthermore, the motorcycle he was operating at the time of the accident is not listed in the Policy as a covered auto, and there is no evidence the motorcycle was a temporary substitute for a covered auto. Plaintiffs nevertheless contend Zachery Edens is entitled to UM/UIM coverage pursuant to the "Drive Other Car For Executive Officers" provision of the Business Auto Extension Endorsement. As previously stated, the relevant language is found in § 17(C) of the endorsement:

C. CHANGES IN AUTO MEDICAL PAYMENTS AND UNINSURED MOTORISTS AND UNDERINSURED MOTORISTS COVERAGE

The following is added to WHO IS AN INSURED:

Any individual "insured" and his or her "family members" are "insured" while "occupying" or while a pedestrian when being struck by any "auto" you [the named insureds] do not own except:

Any "auto" owned by that individual or by any "family member".

[Dkt. #67-1, p. 218]. David Edens is an executive officer of a named insured, and is therefore an "individual 'insured'" pursuant to the language in Section 17. Plaintiffs contend the endorsement provides UM/UIM coverage to family members of executive officers who are struck by any auto not owned by the named insureds, the individual insured, or family members. Since Zachery Edens, a family member of David Edens, was struck by an auto not owned by Edens Structural Solutions LLC, David Edens, or any family member, plaintiffs contend Zachery Edens is an insured under the Policy and is entitled to coverage.

Plaintiffs' suggested interpretation of this endorsement is unpersuasive. The endorsement, though not a model of proper punctuation, is unambiguous and clear—the phrase "being struck by" is part of the "while a pedestrian" clause, and not part of the "while occupying" clause. Thus, the individual insured and his or her family members are insured either (1) while occupying any auto the named insureds, the individual, or any family member do not own; or (2) while a pedestrian when being struck by any auto the named insureds, the individual, or any family member do not own. To interpret the phrase "when being struck by" as modifying "any auto" under both of these scenarios, as plaintiffs suggest, would disregard basic principles of grammar by leaving the term "occupying" without an object. Furthermore, if the intent is to provide coverage for an insured who is struck by any auto, there would be little sense in further specifying that coverage applies only while the insured occupies an auto or is a pedestrian, as

one or the other would nearly always be the case. Contrary to plaintiffs' reading of the endorsement, the language limits UM/UIM coverage so as to exclude individuals who occupy an auto they or a family member own and for which they are able to purchase their own insurance. *See Graham v. Travelers Ins. Co.*, 61 P.3d 225, 229–30 (Okla. 2002). And even if the endorsement were to be read as susceptible to more than one meaning, it does not warrant a "reasonable expectation[] of [UM/UIM] coverage" to a family member when occupying an auto owned by an individual insured. *Max True Plastering Co.*, 912 P.2d at 869. Thus, the Business Auto Extension Endorsement does not extend UM/UIM coverage to family members of an individual insured while occupying a vehicle owned by the individual or any family member.

Plaintiffs argue that Oklahoma law does not permit UM/UIM coverage to be tied to vehicles alone, citing *Cothren v. Emcasco Ins. Co.*, 555 P.2d 1037 (Okla. 1976); *State Farm Mut. Auto. Ins. Co. v. Wendt*, 708 P.2d 581 (Okla. 1985); and *Morris v. Am. First Ins. Co.*, 240 P.3d 661 (Okla. 2010) in support. But each of these cases involves insurance policies purchased by insureds for themselves and resident family members. *See Cothren*, 555 P.2d at 1038; *Wendt*, 708 P.2d at 584; *Morris*, 240 P.3d at 662. None involves a commercial auto policy, as is at issue here. As the Oklahoma Supreme Court expressly held in *Graham*, no public policy is violated by a limitation in a commercial auto policy excluding individuals operating their own vehicles from UM/UIM coverage. 61 P.3d at 229–30.[5] Oklahoma law requires individuals to insure their own

---

[5] Employers and insurers "are free to exclude employees operating their own vehicles from UM/UIM coverage through the method of limiting UM/UIM coverage to vehicles owned by the company." *Graham*, 61 P.3d at 229–30; *see also Ball v. Wilshire Ins. Co.*, 221 P.3d 717, 730 (Okla. 2009) (acknowledging "a willingness" in Oklahoma jurisprudence "to uphold UM exclusions which by their express terms are limited to individuals who own a vehicle and who have thus had an opportunity to purchase their own UM coverage").

vehicles for liability and provides "the opportunity to accept or reject UM/UIM coverage for [their] personal protection." *Id.* at 230.

In this case, David and Rhonda Edens owned the motorcycle Zachery Edens was driving at the time of the accident. Under the terms of the endorsement, Zachery Edens was not a UM/UIM insured, and The Netherlands did not breach its contract by denying plaintiffs' claim for UM/UIM benefits. The Netherlands is therefore entitled to summary judgment on plaintiffs' claim for breach of contract.

### ii. The Claim for Breach of the Duty of Good Faith and Fair Dealing

Under Oklahoma law, in order to prove a claim of breach of an insurer's duty of dealing fairly and in good faith, a plaintiff must prove the following elements:

(1) claimant was entitled to coverage under the insurance policy at issue;

(2) the insurer had no reasonable basis for delaying payment;

(3) the insurer did not deal fairly and in good faith with the claimant; and

(4) the insurer's violation of its duty of good faith and fair dealing was the direct cause of the claimant's injury.

*Toppins v. Minnesota Life Ins. Co.*, 460 F. App'x 768, 771 (10th Cir. 2012) (quoting *Beers v. Hillory,* 241 P.3d 285, 292 (Okla. Civ. App. 2010). "The absence of any one of these elements defeats a bad faith claim." *Id.* (quoting *Beers*, 241 P.3d at 292).

Plaintiffs contend that liability on a bad faith claim does not require a breach of contract, citing *Vining on Behalf of Vining v. Enter. Fin. Grp., Inc.*, 148 F.3d 1206, 1214 (10th Cir. 1998) in support. In *Vining*, the Tenth Circuit stated that "[n]o court has held that an insured must actually prevail on a separate underlying breach of contract claim in order to maintain a successful bad faith claim. . . ." *Id.* However, cases decided after *Vining*, including *Toppins* and *Beers*, establish that a plaintiff must prove the claimant was entitled to coverage to prove a bad

faith claim. *See also Andres v. Okla. Farm Bureau Mut. Ins. Co.,* 227 P.3d 1102, 1107 (Okla. Civ. App. 2009); *Boggs v. Great N. Ins. Co.*, 659 F. Supp. 2d 1199, 1216 (N.D. Okla. 2009) ("[S]ince the Underlying Claims were not covered, any withholding of payment can not be unjustified.").

As noted above, Zachery Edens was not insured under the Policy, and plaintiffs were not entitled to coverage under the Policy. The Netherlands is therefore entitled to summary judgment on plaintiffs' bad faith claim.

### B)  Plaintiffs' Motion for Partial Summary Judgment

Because plaintiffs were not entitled to coverage under the Policy, it is immaterial when The Netherlands denied the claim or whether its September 18, 2013 letter constituted a denial of the claim. Plaintiffs' Motion for Partial Summary Judgment is therefore denied.

### IV.   Conclusion

WHEREFORE, the Motion for Summary Judgment [Dkt. #67] of defendant The Netherlands Insurance Company is granted, and the Motion for Partial Summary Judgment [Dkt. ##24, 31] of plaintiffs David Edens, Rhonda Edens, and Edens Structural Solutions LLC is denied.

IT IS SO ORDERED this 31st day of August, 2015.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT